IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Holly Ferris,<br><br>Plaintiff,<br><br>-vs-<br><br>Fasly, LTD, Crypto.com, Inc. and Metropolitan Commercial Bank,<br><br>Defendants. | 3:23-cv-05891-MGL<br><br>**COMPLAINT**<br><br>(Jury Trial Requested) |

Plaintiff, complaining of the Defendants above named, would respectfully show as follows:

## JURISDICTION

1. Plaintiff Holly Ferris is a resident of Richland County, South Carolina.

2. Defendant Fasly, LTD is a limited company formed under the laws of the State of Colorado, with its registered agent located at 3936 Meade Street, Denver, Colorado 80211.

3. Defendant Crypto.com, Inc. is a Delaware corporation that operates as a crypto trading platform.

4. Defendant Metropolitan Commercial Bank (MCB) is a banking entity formed under the laws of the State of Ohio, with its headquarters and nerve center located in the State of New York.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1332, as the claims arise under federal law and involve diversity of citizenship and the amount in controversy exceeds $75,000.00.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the Defendants conduct business and committed the alleged acts within this District.

## FACTS

7. From 2022 through 2023, Defendant Fasly operated a crypto trading platform at FASLYEX.XYZ, which Plaintiff alleges was a scam or existed for the purpose of facilitating scams and thefts, or which easily allowed scammers to use it for that purpose.

8. In April 2023 Plaintiff, a state employee with a modest retirement savings, was contacted by individuals who deceived her into believing they were her former acquaintances.

9. These individuals, in collaboration with Defendant Fasly, convinced Plaintiff to withdraw $10,000.00 from her retirement account and wire it to an account at MCB, which Plaintiff believes was controlled by the scammers.

10. The scammers, with the assistance of Defendant Fasly's platform, manipulated cryptocurrency transactions to create the appearance of significant returns for Plaintiff.

11. Relying on these fake returns, Plaintiff was convinced to wire an additional $30,000.00 to MCB through Crypto.com to purchase cryptocurrency.

12. On May 4, 2023, seeing significant returns in her Fasly "account," Plaintiff made another wire transfer to MCB in the amount of $19,000.00.

13. By May 12, 2023, Plaintiff's online Fasly, LTD statement showed her investments had grown to $163,328.85.

14. However, when Plaintiff attempted to access her funds, she discovered that both the scammers and Fasly, LTD's website had disappeared, resulting in the loss of all her funds.

15. Plaintiff alleges that Defendants Fasly, LTD, Crypto.com, and MCB were complicit in the scam, causing her losses of $59,000.00, plus consequential damages.
16. The wrongful acts of the Defendants described herein caused the following concrete and particularized harms and losses
17. Defendants must pay all sums needed to compensate for all harms and losses proximately caused by the wrongful acts described herein, to return Plaintiff to the position enjoyed prior to wrongful injury.
18. For those harms and losses that are reasonably expected to continue into the future, Defendants must compensate for their expected continuing impact and effect,
19. Additionally, due to the intentional or reckless nature of the wrongful acts described herein, Defendants must be required to pay nominal or symbolic damages, as well as punitive damages to punish said conduct, and deter its reoccurrence in the future.
20. Defendants must further be required to pay attorney's fees and costs, as well as the penalties mandated by its violation of important statutory rights referenced below.
21. All of the harms and losses caused by Defendants are likely to be redressed by a favorable judicial decision, through an award of the above damages, assessment of fines and punitive damages, an award of attorney's fees and all litigation costs, and injunctive relief.

**FOR A FIRST CAUSE OF ACTION**

**(Violation of SC Code § 37-5-108, Unconscionability of Underlying Transaction)**

22. The above allegations are repeated and realleged herein as if set forth verbatim, to the extent not inconsistent with the allegations of this cause of action.
23. The transaction or alleged transaction set forth above is a consumer transaction.
24. The Defendants knew at the time a transaction is entered into that there is no reasonable probability of payment in full of the obligation by the Plaintiff.
25. The Defendants knew that Plaintiff would not benefit from the property or services.

26. There existed a gross disparity between the price of the property or services sold, leased, or loaned and the value of the property.

27. Defendants sold insurance to Plaintiff from which Plaintiff received no potential benefit as referenced in Section 37-4-106 (1)(a).

28. Judgment should be granted to Plaintiff for actual damages as well as such penalties and attorney fees as are authorized by statute, and such other relief as is just and proper.

## FOR A SECOND CAUSE OF ACTION

### (Conversion)

29. The allegations contained hereinabove are repeated as if fully alleged verbatim, to the extent not inconsistent with the allegations of this cause of action.

30. The aforementioned actions constitute conversion of the money or property of Plaintiff.

31. Because of the unlawful conversion of property by Defendants, injuries have been inflicted upon Plaintiff that may be recovered by way of judgment against Defendants for a sum over the value of all property converted, plus interest, other consequential damages, punitive damages, costs and attorney's fees.

## FOR A THIRD CAUSE OF ACTION

### (Violation of SC Code §39-5-10, Unfair Trade Practices Act)

32. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent with this cause of action.

33. The activities of Defendants described above constitute "trade or commerce" as defined by South Carolina Code Section 39-5-10, et.seq., (as amended).

34. The actions of the Defendants, above-described, constitute unfair and deceptive acts and practices in the conduct of trade and commerce, as prohibited by the South Carolina Unfair Trade Practices Act, 39-5-10 et.seq., and are willful violations thereof.

35. The actions of the Defendants have a real and substantial potential for repetition and affect the public interest.

36. The Plaintiff suffered an ascertainable loss due to the unlawful actions of the Defendants,

entitling Plaintiff to actual damages in an amount to be proven at trial, treble said actual damages, and an award of attorney's fees and costs.

## FOR A FITH CAUSE OF ACTION AS TO MCB
### (Violation of UCC Article 4A)

37. The allegations contained hereinabove are repeated as if fully alleged verbatim, to the extent not inconsistent with the allegations of this cause of action.
38. The definition of beneficiary bank applies to Defendant MCB, who received the above payment order from a receiving bank.
39. The account number on the order referred to a party with a name different than that identified on the order.
40. Defendant MCB knew that the name and account number it received referred to different persons.
41. Defendant MCB either knew or should have known, based on pattern of account activity, that the account was being used for fraudulent purposes.
42. Under S.C. Code §36-4A-207(b)(2), neither the fraudulent account holder nor any other person had rights to be paid.
43. The acceptance of the payment order violated the above code section.
44. Further and alternatively, notification was given Defendant of the cancellation of the transfer under §36-4A-211.
45. To the extent that Defendant retained transferred funds at or after receipt of cancellation, its actions violate the above code section.
46. Because of the violations of the above code sections, actual and consequential damages, interest thereon, and attorney's fees and costs should be awarded.

## PRAYER FOR RELIEF

WHEREFORE, the prayer of the Plaintiff judgment in an amount sufficient to compensate Plaintiff for actual damages, together with punitive damages, statutory damages,

5

such interest as is allowable by law, costs, attorney's fees, and such other relief as is just and proper.

                DAVE MAXFIELD, ATTORNEY, LLC

                s/ David A. Maxfield
                _____
                Dave Maxfield, Esq., FED ID No. 6293
                P.O. Box 11865
                Columbia, SC 29211
                (803) 509-6800
                (855) 299-1656 (fax)
                dave@consumerlawsc.com

                Graham Newman, Esq.
                Chappell, Chappell & Newman
                Post Office Box 61170
                Columbia, SC 29260
                (803) 233-7050
                (803) 233-5070 (fax)
                graham@chappell.law

November 9, 2023